IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 3:19-CR-48-TAV-HBG |
|  | ) |  |
| ERIC HOUSTON, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

**ORDER OF COMMITMENT FOR
MENTAL EXAMINATION AND EVALUATION**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge, as may be appropriate. This case is before the undersigned on Defendant's Motion for Mental Health Evaluation [Doc. 15], filed on May 2, 2019.[1] The parties appeared before the undersigned on May 21, 2019 for a hearing on the pending motion. Assistant United States Attorney Alan Kirk appeared on behalf of the Government. Attorney Norman McKellar appeared on behalf of Defendant, who was also present.

In his motion, Defendant requests to receive a psychological evaluation by the Board of Prisons pursuant to 18 U.S.C. § 4241 to determine his competency to proceed in this case. Defense counsel expresses concern that Defendant may be suffering from a mental disease or defect that renders him unable to understand the nature and consequences of the proceedings against him or to properly assist in his defense. At the May 21 hearing, Mr. McKellar stated that he had requested

---

[1] Defendant also filed a pro se Motion to Appoint/Replace Counsel [Doc. 16] on May 20, 2019. However, this motion will be held in abeyance pending the ordered evaluation.

records pertaining to Defendant's mental health treatment relating to potentially bipolar disorder or schizophrenia. Mr. McKellar stated that his own personal interactions with the Defendant cause him to be concerned about the Defendant's ability to assist with his own defense, and that he believes that Defendant is in need of a competency evaluation. AUSA Kirk stated that the Government did not object to a competency evaluation.

Based upon the information presented at the hearing, the Court finds that reasonable cause exists to believe that the Defendant may presently be suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The Court concludes that reasonable cause exists to warrant a mental examination under 18 U.S.C. § 4241(a). Accordingly, the Court **GRANTS** Defendant's motion [**Doc. 15**] to undergo a competency evaluation. It is hereby **ORDERED**, pursuant to Title 18, Sections 4241(b), 4247(b), and 4247(c), of the United States Code, as follows:

> (1) The Defendant shall remain in custody to await designation for confinement in a suitable facility for the purpose of conducting a psychiatric and/or psychological examination by one or more licensed or certified psychiatric and clinical psychologists. After designation of the facility is received, the Defendant shall be transported by the United States Marshals Service to such facility.
>
> (2) The purpose of the evaluation shall be for one or more licensed or certified psychiatrists and/or clinical psychologists to conduct psychiatric and psychological examinations of the Defendant for the purpose of determining whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense,
>
> (3) Pursuant to Rule 12.2(c), the Defendant is to submit to such examinations as ordered above.
>
> (4) The Defendant shall be given any necessary medications if determined appropriate by the medical staff at the facility.

(5) The examiner and/or examiners designated to conduct such examinations shall, pursuant to Title 18, United States Code, Section 4247(c), file with the Court, as soon as possible after the completion of such examinations, a report of their examinations with copies provided to counsel for the Defendant and counsel for the United States, and said report shall include:

> (a) the Defendant's history and present symptoms;
>
> (b) a description of the psychiatric, psychological and medical tests that were employed and their results;
>
> (c) the examiner's findings;
>
> (d) the examiner's opinions as to diagnosis and prognosis, and
>
> (e) the examiner's opinion as to whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

(6) Pursuant to Title 18, Section 4247(b), of the United States Code, the Defendant shall be committed to the custody of the Attorney General for the purpose of such examinations for a reasonable period of time not to exceed **THIRTY (30) DAYS**, unless otherwise ordered by the Court.

(7) The Defendant shall be **FORTHWITH RETURNED** to the custody of the United States Marshal immediately following the completion of the evaluation or the expiration of the thirty (30) day period, or any reasonable extension of that time period, whichever is sooner.

(8) A competency hearing and/or status conference is set for **August 23, 2019, at 11:00 a.m.** If the Defendant has returned and the Court has received the forensic report prior to this time, the Court may schedule a competency hearing on an earlier date. If the Defendant has not returned or the Court has not received the forensic report by this date, then the matter will proceed as a status conference.

(9) The United States Marshal shall notify the Clerk of the Court and the undersigned's office promptly when the Defendant returns to this jurisdiction from the mental evaluation. If the Defendant has

returned in time, the marshals shall bring him to the **August 23, 2019** competency hearing.

(10) Because of the length of time necessary to evaluate the Defendant, the Defendant's **June 25, 2019** trial date and all other related deadlines are **CANCELLED**, to be reset upon his return to the district, if he is found competent. All the time during which the Defendant is undergoing a mental examination for competency, 18 U.S.C. § 3161(h)(1)(A), along with a reasonable time for transportation to and from such examination, 18 U.S.C. § 3161(h)(1)(F), is fully excludable under the Speedy Trial Act.

(11) The Clerk of Court is **DIRECTED** to serve copies of this order on counsel of record and to serve three certified copies on the United States Marshals Service.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge