IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | Nos. | 3:19-CR-48-TAV-HBG |
| | ) | | 3:99-CR-132-TAV-HBG |
| | ) | | |
| ERIC HOUSTON, | ) | | |
| | ) | | |
| Defendant. | ) | | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the District Court's Order of Referral [Doc. 30], to address the Motion to Withdraw as Counsel [Doc. 29], filed on October 7, 2019. On October 22, 2019, the parties appeared before the Court for a motion hearing. Assistant United States Attorney Alan Kirk was present representing the Government. Attorney Norman McKellar was present representing the Defendant, who was also present. Attorney Joshua Hedrick was also present.

In the Motion to Withdraw as Counsel [Doc. 29], Attorney McKellar requests that the Court substitute counsel in this case due to the deterioration of the attorney-client relationship. At the October 22, 2019 hearing, Attorney McKellar stated that he believed that the attorney-client relationship had become irreparable due to a breakdown in communication, and that the appointment of new counsel would be in Defendant's best interest. Attorney McKellar also made an oral motion to withdraw as counsel in the case involving Defendant's pending violation of supervised release, No. 3:99-CR-132.

The Court then conducted a sealed, *ex parte* hearing with Defendant and Attorney

McKellar to learn the nature and extent of the problems with the attorney-client relationship. Based upon the representations of Attorney McKellar and Defendant during the sealed portion of the hearing, the Court finds that the attorney-client relationship is irreparable. The Court finds that the loss of trust in the attorney-client relationship has compromised beyond repair Mr. McKellar's ability to present an adequate defense and to render effective assistance of counsel.

Accordingly, the Court finds that good cause exists to grant the present motion. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause). Therefore, the Motion to Withdraw as Counsel [Doc. 29] is **GRANTED**, and Attorney McKellar is **RELIEVED** as counsel of record for Defendant. At the end of the hearing, Attorney Hedrick agreed to accept representation of Defendant if the present motion was granted. The Court therefore and hereby **SUBSTITUTES and APPOINTS** Attorney Hedrick under the Criminal Justice Act, 18 U.S.C. § 3006A, as counsel of record for Defendant. Attorney McKellar is **DIRECTED** to turn over all discovery and Defendant's file to Attorney Hedrick.

The Court recognizes the need for Defendant to be continuously represented by conflict-free counsel. At the October 22 hearing, Attorney Joshua Hedrick appeared and agreed to accept representation of Defendant. Defendant had no objection to the appointment of Attorney Hedrick. The Court therefore and hereby **SUBSTITUTES** and **APPOINTS** Mr. Hedrick as counsel of record for Defendant, pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A. In so doing, the Court admonished the Defendant on the need to work with his counsel and informed him that it will entertain a request for yet another attorney only in the most extraordinary of circumstances. The Supreme Court has firmly established that the Sixth Amendment does not

entitle a defendant to counsel with whom he shares a good rapport or to a "meaningful relationship" with his attorney. *Morris v. Slappy*, 461 U.S. 1, 13-14 (1983).

Attorney Hedrick made an oral motion to continue the October 22 trial date and related deadlines to give him time to prepare the case for trial. Defendant raised no objection to the oral motion. The Government also did not object to the requested continuance. The parties agreed on a new trial date of February 11, 2020.

The Court finds the oral motion for a continuance to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Attorney Hedrick is new to this case and needs time to review the discovery, to consult with the Defendant about pretrial motions, to locate and interview witnesses, and to prepare the case for trial. Accordingly, the failure to continue the trial would deny defense counsel the reasonable time necessary to prepare for trial effectively, even taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

Defendant's oral motion to continue the trial is **GRANTED**. The trial of this matter is reset to **February 11, 2020**. The Court also finds that all the time between the filing of the Motion to Withdraw as Counsel [Doc. 16] on **October 7, 2019**, and the new trial date of **February 11, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). The parties are to appear before the undersigned for a final pretrial conference on **January 24, 2020, at 11:00 a.m.** This date is also the new deadline for completing plea negotiations and providing reciprocal discovery. Finally, the Court instructs the parties that all motions *in limine* must be filed no later than **January 27, 2020**. Special requests for jury instructions shall be submitted to the District Judge no later than **January 31, 2020**, and

shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) The Motion to Withdraw as Counsel [**Doc. 29**], as well as Attorney McKellar's oral motion in Defendant's pending violation of his supervised release, No. 3:99-cr-132, are **GRANTED**, and Attorney McKellar is **RELIEVED** of his representation of Defendant;

(2) Attorney Joshua Hedrick is **SUBSTITUTED** and **APPOINTED** as Defendant's counsel of record under the CJA;

(3) Defendant's oral motion to continue the October 22, 2019 trial date is **GRANTED**;

(4) The trial of this matter is reset to commence on **February 11, 2020**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(5) All time between the filing of the Motion to Withdraw as Counsel on **October 7, 2019**, and the new trial date of **February 11, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(6) The parties are to appear before the undersigned for a final pretrial conference on **January 24, 2020, at 11:00 a.m.** This date is also the deadline for concluding plea negotiations and providing reciprocal discovery;

(7) Motions *in limine* must be filed by **January 27, 2020**; and

(9) Special requests for jury instructions with the appropriate citation to authority shall be submitted to the District Judge no later than **January 31, 2020**.

**IT IS SO ORDERED.**

ENTER:

United States Magistrate Judge